Opinion of the Court by
Judge Owsley.
At the January term of the Henry county court. William Thompson was adjudged to he the father of Leroy Jackson, a bastard child, and was ordered to pay. for the maintainance and support of the child, twenty five, dollars annually, for eight, years; the first payment to be made the first of February, 1825, and the other payments to be made the first pf January, in each successive year.
Thompson was, at the same time, directed to give bond and security for the amount adjudged against him; but he appears to have departed from court without having done so.
An order was, however, made by the court, directing a writ to issue, commanding the sheriff to take Thompson, and him commit to jail until he should give bond and security to pay the several instalments, according to the order of the court.
The writ issued, and Thompson was arrested by the sheriff; and he thereupon, together with Amasa Thompson, executed a bond acknowledging themselves indebted to Robert Buckhannan, who was appointed guardian for Leroy Jackson, in the penal sum of four hundred dollars, conditioned to pay the several instalments at the time mentioned in the order of court.
The first instalment became payable, and Buckhannan, in the name of the Commonwealth, for Leroy Jackson, notified the Thompsons that he would, on a named day, move the county court for a judgment against them. for the first instalment. The motion was accordingly made, and judgment rendered against the Thompsons for twenty-five dollars, in favor of the Commonwealth, by Robert Buckhannan, for the use of Leroy Jackson.
Bond in case of bastardy must be taken payable to the commonwealth. If taken payable to the guardian the motion to recover the instalments given by statute will not lie.
Bonds not according to the statute may be valid at common law.
C. S. Bibb for plaintiffs; Denny, Attorney General, for defendant.
The judgment can not be sustained. By adverting to the act of Assembly upon the subject of bastards, it will be found that the bond which was executed by the Thompsons, is not such an one as is required to be taken in such cases. Instead of having been given to the guardian of the bastard, to have conformed to the requisitions of that act, the bond should have been executed to the Governor; and although, by subsequent acts, such bonds are allowed to be taken to the Commonwealth, we know of none that substitutes the guardian of the bastard, in the place of the Commonwealth or Governor. The bond not having been taken, therefore, in conformity to the requisitions of law, it follows that the judgment can not be sustained. For it is only to recover whatever may be due and payable upon bonds taken in conformity to the requisitions of law, that redress is given by the act, on motion.
Though not executed in conformity to the act, the bond may possibly be binding on the Thompsons; but if it be, the remedy must be by action at common law, and not by motion, .as is provided by the act in case of bonds taken in pursuance to its directions.
The judgment must, therefore, be reversed with cost, the cause remanded to the court below, and the notice and motion dismissed with cost.